UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| DENNIS LEE MAXBERRY, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| | ) | 1:13-cv-409- SEB-DML |
| vs. | ) ) | |
| ITT TECHNICAL INSTITUTE, LLC, | ) ) | |
| Defendant. | ) | |

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
(Docket No. 14)

### INTRODUCTION

This case, filed by Plaintiff *pro se*, arises out of Plaintiff's enrollment as a student at ITT Technical Institute, LLC ("Defendant").[1] It is now before the Court on Defendant's Motion to Dismiss or, in the Alternative, Stay This Action and Compel Arbitration.[2] For the reasons set forth below, Defendant's Motion to Dismiss is GRANTED.

### FACTS

On or about April 28, 2008, Plaintiff and Defendant entered into a written agreement governing the terms of Plaintiff's enrollment as a student with Defendant. [Affidavit of John

---

[1] On its website at www.2.itt-tech.edu/itt-tech/about.cfm, Defendant describes itself as "a leading private college system focused on technology-oriented programs of study . . . [offering] career-focused, degree programs to over 70,000 students."

[2] Also before the Court are Plaintiff's Motion for Summary Judgment (Dkt. No. 10), Plaintiff's Memorandum Summary (Dkt. No. 12), and Plaintiff's Motion and Request Leave of Court to File Clarity for Summary Judgment (Dkt. No. 18). As noted in the Magistrate Judge's Entry and Order from Pretrial Conference at Docket No. 19, Plaintiff has informed the Court that those filings were made in opposition to Defendant's efforts to dismiss this case. Accordingly, those filings collectively constitute Plaintiff's response to Defendant's Motion to Dismiss and, as such, the Clerk may administratively "terminate" them as separate and independent motions.

Leonard with attached Enrollment Agreement (Dkt. No. 15-8).] The agreement provided that any dispute between the parties was to be resolved through binding arbitration. Id. Plaintiff had a dispute with Defendant, but instead of submitting his dispute to arbitration, he filed a lawsuit against Defendant in the State of Wisconsin, Milwaukee County Circuit Court. [Wisconsin Complaint (Dkt. No. 15-3).] In response to that lawsuit, Defendant filed a Motion to Stay and Compel Arbitration, which was "granted as to arbitration" on April 30, 2012. [Order (Dkt. No. 15-4).] Plaintiff appealed that ruling, first, to the Wisconsin Court of Appeals, which dismissed the appeal for lack of jurisdiction, and, then, to the Wisconsin Supreme Court, which denied review. [Opinion (Dkt. No. 15-7 & Order (Dkt. No. 15-8).]

On March 11, 2013, Plaintiff filed the action herein. Plaintiff's Complaint is confusing, disjointed, and difficult to decipher, but it appears that Plaintiff accuses Defendant of stealing his federal student loan money, failing to award him grades for the classes that he completed, and applying money from his educational loans towards tuition payments even after he withdrew from school. [Complaint (Dkt. 1).] Plaintiff also accuses Defendant of "being unconscious to the plaintiff by arbitrating the contract," searching his person or property "without a warrant and without probable cause," using excessive force upon him, failing to provide him with "needed medical care," "false credit testimony, mayhem on property, defamation, false imcriminalization [sic], malicious prosecution, conspiracy, and/or any other claim that may be supported by the allegations of this complaint." Id. Plaintiff's Complaint makes reference to 28 U.S.C. § 1983, 1985, and 1986, "Title IX, and Section 504 of the 1973 Rehabilitation Act," the "False claim act," and avers that "[t]he criminal proceeding by the defendants . . . [is] still pending," but that Plaintiff "was innocent." Id.

2

**DISCUSSION**

Defendant moves to dismiss Plaintiff's Complaint on two independent grounds. First, Defendant asserts that Plaintiff has already been ordered by a Wisconsin court to arbitrate his claims against Defendant, which order must be given effect by this Court, thereby preventing this Court from acquiring subject matter jurisdiction under the Rooker-Feldman doctrine. Second, Defendant argues that even if the Rooker-Feldman doctrine does not bar this Court from exercising jurisdiction, Plaintiff's Complaint must still be dismissed because it is so rambling and indecipherable that it does not provide Defendant with fair notice of Plaintiff's claims as required by Rule 8 of the Federal Rules of Civil Procedure.

**I.     The Rooker-Feldman doctrine bars this Court from exercising jurisdiction over the claims already ordered to arbitration in Wisconsin.**

Turning first, as we must, to Defendant's jurisdictional argument, Defendant asserts that Plaintiff's Complaint must be dismissed pursuant to the Rooker-Feldman doctrine because: (1) Plaintiff filed similar or substantially similar claims against Defendant in Wisconsin;[3] (2) the courts in Wisconsin have already ruled that Plaintiff must arbitrate his claims; and (3) the action herein seeks to have this Court review and reverse the Wisconsin judgment.

The Rooker-Feldman doctrine, which gets its name from two United States Supreme Court decisions – <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923) and <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983) – prohibits federal courts from exercising jurisdiction

---

[3]     In the Wisconsin suit, Plaintiff alleged that Defendant harassed him by signing his name to documents, attempted to stalk him, and attempted to "buy off" his attorneys. (Dkt. No. 15-3). Plaintiff further alleged that Defendant discriminated against him because of his heterosexuality, race, and disability, and would not allow him to pass his classes. <u>Id.</u> Plaintiff referenced a bank account and an unemployment claim and demanded that Defendant "repay the false bills that they are adding to the plaintiff's credit." <u>Id.</u>

3

over: (1) claims seeking the review of a prior state court judgment; and (2) claims that are "inextricably intertwined" with a prior state court judgment. Kelley v. Med-1 Solutions, LLC, 548 F.3d 600, 603 (7th Cir. 2008). The Seventh Circuit Court of Appeals has recognized that the term "inextricably intertwined" is "a somewhat metaphysical concept," but emphasized that the central inquiry under Rooker-Feldman is "whether the federal plaintiff seeks to set aside a state court judgment or whether he is, in fact, presenting an independent claim." Taylor v. Federal Nat. Mortg. Ass'n, 374 F.3d 529, 533 (7th Cir. 2004).

To determine whether Plaintiff has filed this lawsuit in order to set aside the Wisconsin judgment or whether he is presenting different and independent claims, we examine his various filings. In doing so, it is evident that Plaintiff does, in fact, object to the Wisconsin ruling requiring him to submit to arbitration and that he has filed this action, *at least in part*, to have us review that ruling. Indeed, in his Complaint, he writes:

> [Defendant] inappropriately breached contract by being unconscious to the plaintiff by arbitrating the contract before the plaintiff had breached his performance by stating the plaintiff had previously defaulted on his loans, through hearsay testimony, prejudicial evidence creating unconscionable question and then unconventionally keeping the plaintiff from getting grades, Title IX, and section 504 of the 1973 Rehabilitation Act.

Dkt. No. 1 at p. 3 (Page ID #3) (emphasis added). In his Memorandum Summary filed at Docket No. 20, he states:

> The Plaintiff first filed his claim in the State of Wisconsin Circuit Court then the State of Wisconsin Court of Appeals, and the Supreme Court of Wisconsin who dismissed the case stating, "No cost to the Plaintiff or the Defendant." Plaintiff filed a case in this the United States Federal Court of the District in Indiana. The Plaintiff has never agreed to Arbitration and and [sic] states that due to the need to have his Masters degree was the only third cause reason he had for attempting his Financial Needs see Administrative Procedure Act, Department of Education Act 1973 Section 504 rehabilitation request

4

was denied by the defendants.

Dkt. No. 20 at p. 10 (Page ID #192) (emphasis added). In that same Memorandum Summary he says:

### APPEALED FROM DECISION

> The State of Wisconsin Supreme Court stated that the opinion was "No Cost, to Plaintiff or Defendant."

Dkt. No. 20 at p. 33 (Page ID #215) (emphasis added). And, in his Separate Statement of Undisputed Facts filed at Docket No. 22, he asserts:

> [Defendant] whose arbitration by lobbying violates the rules of lobby because they don't have lobby license, and therefore <u>the arbitration is forced on the plaintiff as stated in the Order of the State of Wisconsin Supreme Court</u> that order no one owes anyone else. But yet they call the plaintiff everyday seeking funds for their expense account which is punitive at Armenriaz vs. Foundations Health Psychcare Inc., 24 Cal 4th 83 (2000).

Dkt. No. 22 at p. 5 (Page ID # 266) (emphasis added).

Based on the above-quoted passages and, in particular, Plaintiff's use of the phrase, "APPEALED FROM DECISION," after which he immediately references the Wisconsin Supreme Court's "opinion," it is apparent that Plaintiff would have this Court consider on "appeal" the Wisconsin ruling – which is precisely what Rooker-Feldman precludes. Thus, to the extent that Plaintiff would have us (1) reconsider the Wisconsin judgment itself and/or (2) entertain the same claims that the Wisconsin courts have already ordered to arbitration, including any claims that are inextricably intertwined with the Wisconsin judgment, we lack subject matter jurisdiction to do so, and those aspects of Plaintiff's Complaint are DISMISSED.

5

## II. Whatever different or independent claims plaintiff might have intended to assert in this Court are dismissed for their lack of coherency.

We now turn to the question of whether Defendant has asserted any different or independent claims in this action over which we might have jurisdiction. In doing so, we observe that Plaintiff's Complaint on our docket is not identical to the complaint that Plaintiff filed in Wisconsin. Indeed, the Complaint herein references a number of subjects not referenced in the Wisconsin complaint, including Defendant's alleged search of Plaintiff's person and property, Defendant's failure to provide Plaintiff with needed medical care, excessive force, a conspiracy to violate Plaintiff's federal constitutional rights, criminal proceedings against Plaintiff, defamation, "white collar crimes," "false credit testimony," and "mayhem on property." Plaintiff's filings in this Court also reference Plaintiff's non-use of illegal drugs, teasing and harassment by other students, the Ku Klux Klan, Plaintiff's lack of membership in a fraternity or sorority, Plaintiff's dislike of brown sugar Kringles donuts, Plaintiff's alleged status as a Disabled American Veteran, free speech, the Social Security Act, the Supremacy Clause, and Plaintiff's patents and/or patent applications.

Because Plaintiff's Complaint herein is not identical in all respects to the complaint that he filed in Wisconsin, Plaintiff *might* be asserting claims in this action that are not encompassed by the Wisconsin judgment. However, his Complaint and other filings in this Court are so rambling, disjointed, and confused that what exactly those claims might be and the basis for this Court's jurisdiction over such claims is far from clear.

Because Plaintiff is proceeding *pro se*, we are required to construe his Complaint liberally. Marshall v. Knight, 445 F.3d 965, 969 (7th Cir. 2006). Even so, district courts still have the authority to dismiss a *pro se* complaint that is incoherent and confusing. See Fidelity Nat'l Title Ins. Co. v.. Intercounty Nat'l Title Ins. Co., 412 F.3d 745, 749 (7th Cir. 2005) (a district court judge has the

authority to dismiss a complaint that is "sprawling, confusing, redundant – in short a mess."). Assuming that Plaintiff is asserting legal claims in this action that are different and independent from those asserted in Wisconsin, they are nevertheless cast in such an incoherent and confusing manner that they must be dismissed under Fed. R. Civ. P. 8(a) based on Plaintiff's failure to give Defendant (as well as the Court) fair notice of what they actually are. Id. See also Lindell v. McCallum, 352 F.3d 1107, 1110 (7th Cir. 2003) (if a complaint's lack of clarity makes it unintelligible, dismissal under Fed. R. Civ. P. 8(a) is permitted).

## **CONCLUSION**

Plaintiff's Complaint is dismissed for the above stated reasons. Plaintiff is, however, granted leave to file an amended complaint. If he chooses to do so, his amended complaint must not include claims that are encompassed or inextricably intertwined with the Wisconsin judgment, and he must take care to comply with Fed. R. Civ. P. 8. Plaintiff shall have through and including March 28, 2014, to file his amended complaint. If he does not comply with this deadline, a final judgment in favor of Defendant shall issue.

IT IS SO ORDERED.

Date: 03/05/2014

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Todd A. Dixon
BARNES & THORNBURG LLP
tdixon@btlaw.com

T. Joseph Wendt
BARNES & THORNBURG LLP
jwendt@btlaw.com

DENNIS LEE MAXBERRY
P. O. Box 14081
West Allis, WI 53214

7