UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DENNIS LEE MAXBERRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 1:13-cv-00409-SEB-DML |
| ) | |
| ITT TECHNICAL INSTITUTE, ) | |
| ) | |
| Defendant. ) | |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

This cause is before the Court on Defendant ITT Technical Institute's Motion to Dismiss for Failure to State a Claim [Docket No. 28], filed on April 2, 2014 pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the motion is GRANTED.

**Background**

Plaintiff Dennis Maxberry filed a complaint in this Court on April 9, 2014 against Defendant ITT Technical Institute, LLC ("ITT"), an Indiana-based for-profit higher education company. Maxberry is a former enrollee at ITT; according to an Enrollment Agreement attached by ITT, he enrolled in an M.B.A. graduate course for the quarter starting June 2008. Docket No. 15-8, Def.'s Ex. A.[1]

Maxberry's initial complaint, which we noted was "confusing, disjointed, and difficult to decipher," alleged that IT—and sundry others—had harmed him in a variety of ways over the course of many years. Docket No. 25 at 2. The court summarized the accusations as follows:

---

[1] The Enrollment Agreement was verified by the affidavit of John Leonard, ITT's Director of Administration and Career Services.

1

> It appears that Plaintiff accuses Defendant of stealing his federal student loan money, failing to award him grades for the classes that he completed, and applying money from his educational loans towards tuition payments even after he withdrew from school. Plaintiff also accuses Defendant of "being unconscious to the plaintiff by arbitrating the contract," searching his person or property "without a warrant and without probable cause," using excessive force upon him, failing to provide him with "needed medical care," "false credit testimony, mayhem on property, defamation, false imcriminalization [sic], malicious prosecution, conspiracy, and/or any other claim that may be supported by the allegations of this complaint." Plaintiff's Complaint makes reference to 28 U.S.C. § 1983, 1985, and 1986, "Title IX, and Section 504 of the 1973 Rehabilitation Act," the "False claim act," and avers that "[t]he criminal proceeding by the defendants ... [is] still pending," but that Plaintiff "was innocent."

Docket No. 25 at 2 (internal citations omitted).

We dismissed Plaintiff's initial complaint on two grounds. First, a portion of it appeared to constitute, in effect, an "appeal" from a prior judgment entered by the state courts of Wisconsin. In his Wisconsin suit, Maxberry had alleged—in a similarly rambling fashion—that ITT and another entity had harassed him, stalked him, denied him employment, and discriminated against him on grounds of race and sexual orientation. Docket No. 15-3, Def.'s Ex. B. The Milwaukee County Circuit Court granted ITT's motion to compel arbitration of these claims on the basis of the binding arbitration provision. Docket No. 15-4, Def's Ex. C. The state's Court of Appeals and Supreme Court both denied his appeals, rendering the state court judgment final as of December 10, 2012. We accordingly invoked the *Rooker-Feldman*[2] doctrine, observing that we were barred from consideration of any elements of Maxberry's complaint that urged us to engage in review of the Wisconsin court's rulings. Docket No. 25 at 3–5. (citing *Taylor v. Fed. Nat'l Mortg. Ass'n,* 374 F.3d 529, 533 (7th Cir. 2004)).

---

[2] The doctrine takes its name from two United States Supreme Court decisions handed down, interestingly, six decades apart: *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983).

2

Second, we dismissed all remaining portions of Maxberry's initial complaint on the grounds that they failed to meet the pleading requirements of Federal Rule of Civil Procedure 8(a). As we said then:

> Assuming that Plaintiff is asserting legal claims in this action that are different and independent from those asserted in Wisconsin, they are nevertheless cast in such an incoherent and confusing manner that they must be dismissed under [Federal Rule of Civil Procedure 8(a)] based on Plaintiff's failure to give Defendant (as well as the Court) fair notice of what they actually are.

Docket No. 25 at 7.

Maxberry filed an Amended Complaint on March 14, 2014. Docket No. 26.

## Legal Analysis

### Standard of Review

The Federal Rules of Civil Procedure authorize dismissal of claims for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). In determining the sufficiency of a claim, the court considers all allegations in the complaint to be true and draws such reasonable inferences as required in the plaintiff's favor. *Jacobs v. City of Chi.,* 215 F.3d 758, 765 (7th Cir. 2000). Federal Rule of Civil Procedure 8(a) applies, with several enumerated exceptions, to all civil claims, and it establishes a liberal pleading regime in which a plaintiff must provide only a "short and plain statement of the claim showing that [he] is entitled to relief," Fed. R. Civ. Pro. 8(a)(2); this reflects the modern policy judgment that claims should be "determined on their merits rather than through missteps in pleading." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 779 (7th Cir. 2007) (citing 2 James W. Moore, et al., *Moore's Federal Practice* § 8.04 (3d ed. 2006)). A pleading satisfies the core requirement of fairness to the defendant so long as it provides "enough detail to give the defendant fair notice of what the

3

claim is and the grounds upon which it rests." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

In its decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Supreme Court introduced a more stringent formulation of the pleading requirements under Rule 8. In addition to providing fair notice to a defendant, the Court clarified that a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Plausibility requires more than labels and conclusions, and a "formulaic recitation of the elements of a cause of action will not do." *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007) (quoting *Twombly,* 550 U.S. at 555). Instead, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* The plausibility of a complaint depends upon the context in which the allegations are situated, and turns on more than the pleadings' level of factual specificity; the same factually sparse pleading could be fantastic and unrealistic in one setting and entirely plausible in another. *See In re Pressure Sensitive Labelstock Antitrust Litig.*, 566 F. Supp. 2d 363, 370 (M.D. Pa. 2008).

Although *Twombly* and *Iqbal* represent a new gloss on the standards governing the sufficiency of pleadings, they do not overturn the fundamental principle of liberality embodied in Rule 8. As this Court has noted, "notice pleading is still all that is required, and 'a plaintiff still must provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief.'" *United States v. City of Evansville*, 2011 WL 52467, at *1 (S.D. Ind. Jan. 8, 2011) (quoting *Tamayo*, 526 F.3d at 1083). On a motion to

4

dismiss, "the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint." *Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994).

## Discussion

In addressing Defendant's motion to dismiss, we struggle again with the fact that the Amended Complaint, like the document that preceded it, is virtually incomprehensible. It contains a large number of accusations that are unmoored from each other in both time and topic, and even our attempts to summarize it are a challenge. Some of the allegations expressly invoke causes of action without providing any factual explanation, while others present a factual grievance that never culminates in any sort of discernible legal claim. As best we can determine, the Amended Complaint mentions the following claims or grievances: copyright infringement, deprivation of disabled veterans' benefits, sabotage of Maxberry's bachelor's degree, stalking, sabotage of Maxberry's employment opportunities, RICO liability against ITT and the State of Wisconsin, malicious prosecution of intellectual property actions against Maxberry, violations of various executive orders relating to Maxberry's service in the military, violations of the Higher Education Act, and violations of a number of Maxberry's constitutional rights. Docket No. 26 at 2–8. The Amended Complaint also contains, in slightly more concrete form, five counts alleging patent infringement against ITT. All relate to Maxberry's purported ownership of "U.S. Patent No. 08/632,592," which Maxberry also calls the "8 in 1 Patent." *See* Docket No. 26 at 8–14. He describes this single patent, variously and implausibly, as encompassing a cure for cancer, a device concerning the loading status of a computer "hypermedia browser," and a system of child-control window locks in automobiles. *Id.*

ITT seeks the dismissal of the Amended Complaint on the grounds that it is replete with the same errors present in the initial complaint—namely, that the portions of it seeking review of a state court judgment run afoul of the *Rooker-Feldman* doctrine and all other portions violate Rule 8(a). We agree.

The *Rooker-Feldman* doctrine, when applicable, imposes a bar on the district court's exercise of subject matter jurisdiction. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). As a formal matter, we should therefore determine its applicability to the Amended Complaint—or portions thereof—before proceeding to consider whether Maxberry has adequately stated a claim under Rule 8. Here, however, separating out portions of the Amended Complaint according to their subject matter is impossible. As ITT notes, there are instances in the Amended Complaint where Maxberry does appear to be taking issue with the Wisconsin courts' rulings—such as Maxberry's assertion that ITT "can cause the state of Wisconsin to aid and abet equity redistribution" in his favor. Docket No. 26 at 3. However, there is no "claim" or specific allegation that we can pinpoint as seeking to review the Wisconsin judgment; the only enumerated claims, those for patent infringement, do not appear to relate to the subject matter dealt with the Wisconsin courts. Accordingly, while we note that *Rooker-Feldman* might strip us of jurisdiction over a more coherently-crafted complaint, we turn now to the crux of the problem—the utter lack of a cognizable claim anywhere in the document.

We are obliged to construe the complaints of *pro se* plaintiffs liberally, to take care that the Rules of Federal Procedure do not serve merely as traps for the unwary. *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006). As we noted in our previous Order, however, we still grant a motion to dismiss where a plaintiff has failed to comply even with a most lenient reading of Rule 8. In other words, we are not required to vainly sift through a complaint that is "sprawling,

confusing, redundant—in short a mess." *See Fidelity Nat'l Title Ins. Co. v. Intercounty Nat'l Title Ins. Co.*, 412 F.3d 745, 749 (7th Cir. 2005). *See also Lindell v. McCallum,* 352 F.3d 1107, 1110 (7th Cir. 2003) (noting that if a complaint's lack of clarity makes it unintelligible, dismissal under Rule 8 is permitted). The five patent counts—the only ones presented in any remotely cognizable form—fail to state a claim upon which relief can be granted. Apart from the wild implausibility of asserting that a single patent encompasses a cure for cancer, an automotive window-locking device, and a type of computer display equipment, Maxberry has also alleged the infringement of a patent he does not own.[3] The records of the U.S. Patent and Trademark Office, which are the proper subject of judicial notice, *see Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) (noting that the "district court may also take judicial notice of matters of public record"), reflect that U.S. Patent No. 8,632,592, for an "[e]xpandable vertebral body replacement device and method," is registered to a Ben Barrall of Pennsylvania. *See* USPTO Full-Text and Image Database[4] (January 21, 2014).[5] There is no set of facts that could be consistent with Maxberry's allegations that this fancifully-described patent either exists, is owned by Maxberry, or has been infringed by ITT. *See Killingsworth*, 507 F.3d at 618.

---

[3] In the Amended Complaint, Maxberry incorrectly states that the relevant patent is an attached document. Elsewhere, however, he asserts that "Defendant's infringing are so dire that the Plaintiff can't reproduce the picture of the drawing of the patent and or the copyright here due to the lobby and lobbyist that the defendants inflict or are inflicting against the non attorney protected plaintiff and bribed attorney defenses against the plaintiff." Docket No. 26 at 9. We do not understand Mr. Maxberry's argument here, which only adds to the fundamental incoherence of his patent infringement claims.

[4] Accessed at <http://patft.uspto.gov/netacgi/nph-Parser?Sect1=PTO2&Sect2=HITOFF&p=1&u=%2Fnetahtml%2FPTO%2Fsearch-bool.html&r=1&f=G&l=50&co1=AND&d=PTXT&s1=8632592.PN.&OS=PN/8632592&RS=PN/8632592> (January 28, 2015).

[5] Maxberry consistently writes the patent number as "08/632592," a format more consistent with the way the USPTO numbers patent *applications.* Even in that format, however, there is no USPTO record of such an application—or of a registered patent with a number expressed in that fashion.

Before setting forth the patent claims, the Amended Complaint offers a meandering narrative of other alleged wrongs, but never does it come close to concentrating these grievances into a decipherable claim for relief. We have already determined that accusations of this nature are subject to dismissal, and we re-affirm now that any claims contained in this lengthy prefatory narrative fail to comply with Rule 8(a). *See* Docket No. 25 at 7 (citing *Fidelity Nat'l,* 412 F.3d at 749).

## **Conclusion**

ITT urges that we dismiss the Amended Complaint in its entirety or, in the alternative, stay the matter and order Plaintiff to proceed to arbitration. But the Amended Complaint, like its predecessor, frustrates any attempt to discern which of Maxberry's grievances constitute disputes "arising out of or in any way related to" his Enrollment Agreement with ITT—the contractual basis for his obligation to arbitrate. *Cf.* Docket No. 15-8.

We accordingly GRANT ITT's motion to dismiss the Amended Complaint in its entirety. Because Maxberry is a *pro se* litigant, however, we dismiss only the facially implausible patent infringement claims with prejudice; any other claims that he may have attempted to assert in the document are dismissed without prejudice. We will not at this time enter judgment against Maxberry in the event that he might seek to take one last opportunity to formulate his grievances in a way that enables the Court to understand his intentions and gives fair notice to the Defendant. Given his filings to date, this may be a tall order, but Mr. Maxberry is entitled to have an opportunity to try. A mere repetition of his initial efforts, however, will result in dismissal with prejudice.

Maxberry has also filed the following four motions, all of which relate to the now-dismissed Amended Complaint: (1) Plaintiff's Motion for Injunctive Relief and Damages

[Docket No. 27], (2) Plaintiff's Motion for Summary Judgment [Docket No. 32], (3) Plaintiff's Motion for Counter Claim and Review [Docket No. 34], and (4) Plaintiff's "Motion for Judgment" [Docket No. 36].[6] All four motions are DENIED as moot.

IT IS SO ORDERED.

Date: 1/30/2015

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

---

[6] This last motion also alleges that ITT has "failed to prosecute." We note briefly for Plaintiff's benefit that the Court, as of May 2014, had granted Defendant's motion to stay proceedings pending our resolution of the present motion to dismiss. *See* Docket No. 35.

Distribution:

DENNIS LEE MAXBERRY
P. O. Box 14081
West Allis, WI 53214

T. Joseph Wendt
BARNES & THORNBURG LLP
jwendt@btlaw.com

Todd A. Dixon
BARNES & THORNBURG LLP
tdixon@btlaw.com